UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

JOSE MIGUEL TUN, and ROBERTO TUN, on : 
behalf of themselves and all others similarly :
situated, :
                       :     **22 Civ. 0677**

               Plaintiffs, : 
                       :     **COLLECTIVE AND CLASS**
       -against- :     **ACTION COMPLAINT**
                       :
SIGNATURE AUDIO DESIGN, LLC, and ERICH :
STEGICH :     **JURY TRIAL DEMANDED**
                       :
             Defendants. :

-------------------------------------------------------------------- X

Plaintiffs Jose Miguel Tun and Roberto Tun ("Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants Signature Audio Design, LLC d/b/a Signature Design & Construction ("Signature Design"), and Erich Stegich (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

1.       While employed as construction workers at Signature Design, Plaintiffs regularly worked up to forty-five hours per workweek but were not paid 1.5 times their regular hourly wage rates for hours worked over forty per workweek. Defendants also failed to furnish Plaintiffs with wage notices at the time of hiring and compliant wage statements at the end of each pay period. Furthermore, Defendants made unlawful deductions from Plaintiffs' wages, including for the cost of working tools and "deposits" to work at Signature Design. Finally, Defendants unlawfully paid their construction workers, including Plaintiffs, on a bi-weekly basis.

2.       Plaintiffs bring this action on behalf of themselves and all similarly situated construction workers (the "Construction Workers") to recover unpaid overtime wages, unlawfully deducted wages, liquidated damages, statutory damages, pre- and post-

judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because many of the events giving rise to Plaintiffs' claims occurred primarily in Manhattan, which is within this district.

## THE PARTIES

**Plaintiff Jose Miguel Tun**

5.     Jose Miguel Tun resides in North Bergen, New Jersey.

6.     Jose worked for Signature Design as a construction worker from approximately October 17, 2020, to October 29, 2021.

**Plaintiff Roberto Tun**

7.     Roberto Tun resides in North Bergen, New Jersey.

8.     Roberto worked for Signature Design as a construction worker from approximately June 2021 to October 29, 2021.

**Defendant Signature Audio Design, LLC**

9.     Defendant Signature Audio Design, LLC is a New York corporation located at 14 West 11th Street, New York, New York 10011.

10.     Signature Design offers construction and renovation services for "high-end residential, commercial and hospitality spaces in the metro New York City area." *See* https://www.signaturedsn.com/team-signature (last visited January 19, 2022).

11.     Signature Design is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12.     Signature Design has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13.     In each of the three years preceding the filing of this Complaint, Signature Design's annual gross volume of sales exceeded $500,000.

**Defendant Erich Stegich**

14.     Erich Stegich is an owner and principal of Signature Design.

15.     Stegich identifies himself as the president of Signature Design on his LinkedIn profile. *See* https://www.linkedin.com/in/erich-stegich-750a107 (last visited January 19, 2022).

16.     Stegich decided and/or could decide employment-related matters at Signature Design, including the disciplining, hiring, and firing of employees, setting of their work schedules and wage rates, and retention of payroll records. Stegich exercised this power and authority personally and through Signature Design's site superintendents, including Chris Holland, Robert Tadla, and Vincent Hernandez.

17.     For example, Stegich would regularly be present at worksites to speak to contractors and supervise employees.

18.     For example, approximately in June 2021, Holland informed Jose Miguel Tun that Stegich needed more employees. Subsequently, Roberto Tun sought employment with Signature Design and Holland hired him.

19.     For example, Holland would inform Plaintiffs when there was work on Saturdays.

20.     Stegich determined employees' wages. For example, upon being hired, then-supervisor David Guerra informed Jose that Stegich approved his day rate of $190.

21.     Stegich exercised sufficient control over the operations of Signature Design to be considered Plaintiffs' employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

22.     Throughout their employment with Signature Design, Plaintiffs and other Construction Workers performed construction and renovation work, including painting, framing, and plaster-related work.

23.     Throughout their employment with Signature Design, Plaintiffs and other Construction Workers spent at least 25% of their workdays performing physical tasks, such as painting walls, installing wall frames and moldings, and hammering, trimming, sanding, lifting, cutting, and installing wood and sheet rock.

24.     Defendants failed to furnish Plaintiffs and other Construction Workers with wage statements with each payment of their wages reflecting their overtime wage rates and all of their hours worked per workweek.

25.     Defendants did not furnish Plaintiffs and other Construction Workers with a wage notice at the time of hiring or whenever their rates of pay changed.

26.     Defendants paid Plaintiffs and other Construction Workers on a bi-weekly basis.

27.     Defendants paid Plaintiffs and other Construction Workers once every two months for work performed on Saturdays.

28.     Defendants regularly required Plaintiffs and other Construction Workers to pay for the cost of tools required for their daily duties, including lasers, drills, hammers, level tools, and handsaws.

29.     For example, throughout their employment with Signature Design, Plaintiffs spent on average $1,000 on tools required to perform their work duties.

30.     Defendants also required Plaintiffs and other Construction Workers to "deposit" a week's worth of wages (*i.e.*, $950) to work at Signature Design, which would be returned to them when their employment ended.  However, Defendants did not reimburse Plaintiffs for these "deposits."

**Jose Miguel Tun's Hours Worked and Wages Paid**

31.     Throughout his employment at Signature Design, Jose typically worked a regular schedule of thirty-seven and a half hours per workweek, Monday to Friday from approximately 8:00 a.m. to 4:00 p.m., with a thirty-minute break per workday.

32.     Throughout his employment at Signature Design, in addition to his regular work schedule set forth above, Jose regularly worked three Saturdays per month, from approximately 9:00 a.m. to 5:00 p.m., with a thirty-minute break, resulting in an average of forty-five hours worked per workweek three times per month.

33.     On several instances throughout his employment, Jose was also required to work longer shifts on weekdays, until as late as 8:00 p.m., resulting in more hours worked on those workweeks.

34.     For example, on two weeks in December 2020, Jose worked an average of sixty-five hours per workweek, from approximately 8:00 a.m. to 8:00 p.m. Monday to Friday, and 9:00 a.m. to 5:00 p.m. Saturday, with a thirty-minute break per workday.

35.     Throughout his employment, Signature Design paid Jose a day rate of $190 for weekdays worked and $200 for Saturdays worked.  If Jose worked more than eight hours on a workday, Signature Design paid him $25 per hour over eight.

36.     Throughout his employment, Signature Design paid Jose his wages partly in a company check and partly in a payroll check.

**Roberto Tun's Hours Worked and Wages Paid**

37.     Throughout his employment at Signature Design, Roberto typically worked a regular work schedule of thirty-seven and a half hours per workweek, Monday to Friday from approximately 8:00 a.m. to 4:00 p.m., with a thirty-minute break per workday.

38.     Throughout his employment at Signature Design, in addition to his regular work schedule set forth above, Roberto regularly worked three Saturdays per month, from approximately 9:00 a.m. to 5:00 p.m., with a thirty-minute break, resulting in an average of forty-five hours worked per workweek three times per month.

39.     On several instances throughout his employment, Roberto was also required to work longer shifts on weekdays, until as late as 8:00 p.m., resulting in more hours worked on those workweeks.

40.     Throughout his employment, Signature Design paid Roberto a day rate of $190 for weekdays worked and $200 for Saturdays worked.  If Roberto worked more than eight hours on a workday, Signature Design paid him $25 per hour over eight.

41.     Throughout his employment, Signature Design paid Roberto his wages partly in a company check and partly in a payroll check.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiffs bring this action on behalf of themselves and all similarly situated Construction Workers who worked at Signature Design within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

43.     The FLSA Collective consists of over sixty Construction Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

44.     Throughout Plaintiffs' employment, Plaintiffs and the FLSA Collective have regularly worked more than forty hours per workweek, have performed virtually the same work duties, and have been subjected to Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

45.     Defendants are aware or should have been aware that the FLSA required them to pay Construction Workers an overtime premium for hours worked in excess of forty per workweek.

46.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

47.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  All similarly situated Construction Workers can be readily identified and located through Defendants' records.  The similarly situated Construction Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

48.     Plaintiffs bring the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class

consisting of all similarly situated Construction Workers who work or have worked for Signature Design within the six years prior to the filing of this Complaint (the "Rule 23 Class").

49.     The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

50.     The size of the Rule 23 Class exceeds sixty individuals, although the precise number of such employees is unknown.  Facts supporting the calculation of that number are presently within the sole control of Defendants.

51.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

52.     Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

> a. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;
>
> b. whether Defendants failed to pay Construction Workers at the correct overtime rate for all time worked in excess of forty hours per week;
>
> c. whether Defendants failed to pay Construction Workers on a weekly basis in violation of NYLL § 191(1)(a);
>
> d. whether Defendants unlawfully deducted amounts from Construction Workers' wages by requiring them to purchase their own tools for the benefit of Signature Design, in violation of NYLL;
>
> e. whether Defendants failed to provide Construction Workers with accurate wage statements as required by the NYLL and WTPA;
>
> f. whether Defendants failed to provide Construction Workers with wage notices as required by the NYLL and WTPA; and
>
> g. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

53.     Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable six-year statutory period.  They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek.  Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

54.     Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

55.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

56.     Plaintiffs have retained legal counsel competent and experienced in wage-and-hour and class action litigation.

57.     There is no conflict between Plaintiffs and the Rule 23 Class members.

58.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures.  Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly

duplicative litigation that might result in inconsistent judgments about Defendants' practices.

59. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime)**

60. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

61. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

62. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiffs and the FLSA Collective.

63. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

64. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

65. Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**SECOND CLAIM**
**(NYLL – Unpaid Overtime)**

66. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

67.     Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, Defendants were required to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked in excess of forty per workweek.

68.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting NYDOL Regulations, and employed Plaintiffs and the Rule 23 Class.

69.     Defendants failed to pay Plaintiffs and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay per hour worked over forty per workweek.

70.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages.

71.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**THIRD CLAIM**
**(NYLL – Failure to Provide Accurate Wage Statements)**

72.     Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

73.     Defendants failed to furnish Plaintiffs and the Rule 23 Class, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

74. Due to Defendants' violation of the NYLL, § 195(3), Plaintiffs and the Rule 23 Class are entitled to recover from the Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, and reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FOURTH CLAIM**
**(NYLL – Failure to Provide Accurate Wage Notices)**

75. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

76. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

77. Defendants failed to furnish Plaintiffs and the Rule 23 Class at the time of hiring, and whenever there was a change to their rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

78. Due to Defendants' violation of NYLL § 195(1), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000.00, and reasonable attorneys' fees, costs, and disbursements of the action, pursuant to the NYLL § 198(1-b).

**FIFTH CLAIM**
**(NYLL – Unlawful Deductions from Wages)**

79. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

80. During the last six years, Plaintiffs and the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiffs and the Rule 23 Class within the meaning of the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

81. Defendants have deducted the cost of tools from the wages of Plaintiffs and the Rule 23 Class.

82. These payments were not permitted as deductions from wages under NYLL, Article 6, § 193.

83. These payments were not authorized or required by law and were not expressly authorized in writing by and for the benefit of Plaintiffs and the Rule 23 Class.

84. Defendants willfully violated NYLL, Article 6, § 193 *et seq.*, and its supporting NYDOL Regulations by knowingly and intentionally deducting the costs of tools from the wages of Plaintiffs and the Rule 23 Class.

85. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**SIXTH CLAIM**
**(NYLL § 191 – Frequency of Payments)**

86. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

87. Defendants paid Plaintiffs and the Rule 23 Class on a bi-weekly and monthly basis.

88. In the last six years, Plaintiffs and the Rule 23 Class spent at least 25% of their working time performing physical construction tasks for Signature Design.

89.     Plaintiffs and the Rule 23 Class were "manual workers" within the meaning of NYLL § 191(1)(a)(i).

90.     Defendants should have paid Plaintiffs and the Rule 23 Class on a weekly basis, "and not later than seven calendar days after the end of the week in which the wages were earned."  N.Y. Lab. L. § 191(1)(a).

91.     Because Defendants failed to pay Plaintiffs and the Rule 23 Class on a weekly basis, in addition to other recovery available under the foregoing claims, Plaintiffs and the Rule 23 Class are entitled to recover liquidated damages equal to their wages that were paid a week late every bi-weekly and monthly period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court:

a.     certify this case as a class action pursuant to Rule 23 for the class of employees described herein, appoint Plaintiffs as the class representatives, and designate Plaintiffs' counsel as Class Counsel;

b.     designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c.     declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

d.     declare that Defendants have violated the unlawful deductions provisions of the NYLL;

e.      declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

f.      declare that Defendants violated the frequency of payments provision of the NYLL;

g.      declare that Defendants' violations of the FLSA and NYLL were willful;

h.      award Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

i.      award Plaintiffs and the Rule 23 Class damages for unlawful deductions pursuant to the NYLL;

j.      award Plaintiffs and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with wage notices upon hiring and accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

k.      award Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

l.      award Plaintiffs and the Rule 23 Class pre- and post-judgment interest under the NYLL;

m.      award Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

n.      award such other and further relief as the Court deems just and proper.

*(Continued on next page)*

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated:  New York, New York
        January 26, 2022

PECHMAN LAW GROUP PLLC

By:  s/Louis Pechman
     Louis Pechman
     Gianfranco J. Cuadra
     Mirian Albert
     Pechman Law Group PLLC
     488 Madison Avenue, 17th Flooor
     New York, New York 10022
     Tel.: (212) 583-9500
     pechman@pechmanlaw.com
     cuadra@pechmanlaw.com
     albert@pechmanlaw.com

*Attorneys for Plaintiffs, the Putative FLSA Collective and Putative Rule 23 Class*